IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AURELIO AND JUANA REYNA § | | |
| Plaintiffs, § | | |
| § | | |
| VS. § | | Civil Action No. 7:15-cv-00290 |
| § | | |
| STATE FARM LLOYDS, § | | |
| Defendant. § | | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME, Aurelio and Juana Reyna, Plaintiffs in the above-styled and numbered cause, filing this First Amended Complaint against Defendant, State Farm Lloyds ("State Farm"), and in support thereof would respectfully show the Court as follows:

### I. INTRODUCTION

1. This is a suit for money damages as a result of State Farm's wrongful actions outlined below. Plaintiffs seek damages from State Farm for recovery of payments that are due under the terms of Plaintiffs' homeowners' insurance policy for breach of contract, violations of TEXAS INSURANCE CODE §§ 541.060 and 541.152, and failure to promptly pay the claim pursuant to TEXAS INSURANCE CODE §542.058, resulting in mandatory statutory penalty interest and attorney's fees under TEX. INS. CODE §542.060.

## II. JURISDICTION & VENUE

2. Venue is proper in the Southern District of Texas because Defendant conducted its business in the district and because the Southern District is where the breach took place. Additionally, a substantial part of the acts or omissions occurred within the district.

## III. THE PARTIES

3. Plaintiffs Aurelio and Juana Reyna are individuals residing in Starr County, Texas.

4. Defendant State Farm is an insurance company licensed to do business in the State of Texas. Defendant has answered this lawsuit.

## IV. STATEMENT OF FACTS

5. Plaintiffs have an insurance policy with State Farm that covers their home, policy number 83-LY-9418-5 (the "Policy"). Plaintiffs' residence is located at 2765 East 2nd Street, Roma, Texas 78584 (the "Property"). On June 7, 2013 Plaintiffs' home was damaged by wind and hail. Plaintiffs submitted a claim related to this covered loss and Defendant found a small amount of damage and denied the remainder of the claim.

## V. PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT

### A. Breach of Contract and Violation of Tex. Ins. Code §§542.057 & 542.058

6. Defendant State Farm, through its various contractual relationships with Plaintiffs, breached its contract (the "Policy") with Plaintiffs through its acts and omissions, and has caused damages to Plaintiffs that are greater than the jurisdictional

limits of this Court. State Farm failed to pay Plaintiffs' insurance claim pursuant to the Policy and §542.057 & §542.058.

### B. Texas Insurance Code §§ 541.060, 541.152 & 542.060

7.     State Farm violated numerous provisions of the TEXAS INSURANCE CODE, Article §541.060 that include:

    a. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

        i. a claim with respect to which the insurer's liability has become reasonably clear; or

        ii. a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

    c. failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d. failing within a reasonable time to:

3

      i.   affirm or deny coverage of a claim to a policyholder; or

      ii.   submit a reservation of rights to a policyholder; and,

e. refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE ANN. § 541.060 (Vernon).

8. State Farm's violation of this provision caused damages to Plaintiffs that are greater than the minimal jurisdictional limit of this Court. Plaintiffs are entitled to relief in accordance with Articles §541.152(a) of the TEXAS INSURANCE CODE.

9. Plaintiffs are also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

10. Plaintiffs are entitled to 18% penalty interest per year in accordance with Article §542.060(a) for the wrongfully denied claim.

## VI. ATTORNEYS' FEES

11. Plaintiffs have been required to obtain legal counsel as a result of Defendant's intentional acts and omissions. As a result, Plaintiffs have and will incur attorney's fees and expenses prosecuting their claims. Plaintiffs are therefore entitled to recover their reasonable and necessary attorney's fees under both the TEXAS INSURANCE CODE § 542.060 *et seq,* and TEX. CIV. PRAC. & REM. CODE. ANN. § 38.001 *et seq*.

## VII. CONDITIONS PRECEDENT

12. All conditions precedent to Plaintiffs' right to relief have been performed or have been satisfied.

## VIII.  JURY DEMAND

13. Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs hereby respectfully make this demand and application for a jury trial in this litigation.

## IX. REQUEST FOR RELIEF

14. Plaintiffs have incurred economic damages as a result of Defendant's conduct as described above.  Additionally, Plaintiffs will continue to suffer future harm as a result of Defendant's conduct.  As a result, Plaintiffs are entitled to and pray for the following damages against Defendant:

   a. Actual and consequential damages;

   b. Punitive and additional damages;

   c. Statutory interest of 18%;

   d. Attorney's fees and expenses;

   e. Pre- and post-judgment interest at the maximum legal rate;

   f. Costs of suit; and,

   g. All other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Plaintiffs respectfully request that Defendant State Farm be cited to appear and answer herein, that a judgment be entered for Plaintiffs against Defendant for damages as described above and for such other and further relief whether at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**DAVIS LAW GROUP**

By: /s/ *J. Davis*
    Joshua P. Davis
    State Bar No. 24055379
    ATTORNEY-IN-CHARGE
    Federal Bar No. 1109971
    Katherine Ray
    State Bar No. 24091634
    Federal Bar No. 2627670
    OF COUNSEL
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101 /Fax
*josh@thejdfirm.com*
*katie@thejdfirm.com*
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been was served on all parties and/or counsel of record via ECF in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on June 26, 2017 as follows:

*VIA CM/ECF*
Charles W. Downing
Dan K. Worthington
Sofia A. Ramon
Atlas, Hall & Rodriguez, LLP
P.O. Box 3725
818 Pecan (78501)
McAllen, Texas 78502

    /s/ *J. Davis*
    Joshua P. Davis